United States District Court
Southern District of Texas
**ENTERED**
August 13, 2020
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LYNTRICE STRAUSS, | § | CIVIL ACTION NO. |
| Plaintiff, | § | 4:19-cv-00077 |
| | § | |
| | § | |
| vs. | § | JUDGE CHARLES ESKRIDGE |
| | § | |
| | § | |
| ANDREW SAUL, | § | |
| *Commissioner of the Social* | § | |
| *Security Administration*, | § | |
| Defendant. | § | |

**MEMORANDUM AND ORDER
DENYING EXTENSION TO FILE NOTICE OF APPEAL**

Plaintiff Lyntrice Strauss seeks a further extension of 180 days to file a notice of appeal of the final judgment affirming the decision by the Social Security Administration to deny her disability benefits. Dkt 16. The motion must be denied.

Strauss submits her motion *pro se*. She has been represented by counsel in these proceedings, whose appearance hasn't been withdrawn. Regardless, final judgment was entered in this matter on March 25, 2020. Dkt 13. A notice of appeal is typically required within 60 days of final judgment where one of the parties is a United States officer or employee sued in an official capacity. See Fed R App P 4(a)(1)(B). Absent extension, this set the deadline for Strauss as May 24th.

A litigant may file a motion up to 30 days after that deadline to extend the applicable period for filing the notice. Fed R App P 4(a)(5)(A)(i). Strauss filed a timely motion on May 14th. Dkt 14. She requested an extension of 90 days to file her notice of appeal.

That motion was granted. Dkt 15. But a district court is constrained in the length of extension it may grant. Federal Rule

of Appellate Procedure Rule 4(a)(5)(C) provides, "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later." The Supreme Court has stated this to be a mandatory limitation. *Hamer v Neighborhood Housing Services of Chicago*, 138 S Ct 13, 17–18 (2017); see also *United States v Brown*, 547 F Appx 637, 642 (5th Cir 2013) (unpublished). And so, the extended deadline was set to the latest permissible date according to the rules, being a total of 90 days after the entry of final judgment. Dkt 15 at 2.

Strauss filed no notice by that extended deadline, June 23rd.

On August 11th, she filed the instant motion to extend the deadline to file her notice of appeal for a further 180 days. Dkt 16. She asserts that she was hospitalized with COVID-19 from July 9th to July 27th. That is most unfortunate and deserving of sympathy. But that onset occurred more than two weeks after the expiration of the largest permissible extension that had already been granted. If this request were within permissible time limits, the question would be one of "excusable neglect" or "good cause" under Rule 4(a)(5)(A)(ii). And a request made without explanation after a lapsed deadline is insufficient. See *Pioneer Investment Services Co v Brunswick Associates LP*, 507 U.S. 380, 395 (1993) (factors to consider include length of and reason for delay); *Halicki v Louisiana Casino Cruises, Inc*, 151 F3d 465, 469 (5th Cir 1998) (same).

But the request itself is already outside the permissible time limits prescribed by Rule 4(a)(5)(C). The Supreme Court directs that such "mandatory claim-processing rules must be enforced" absent waiver or forfeiture. *Hamer*, 138 S Ct at 17. This leaves a district court without authority to extend the deadline for filing a notice of appeal beyond those limits.

The motion is DENIED.

SO ORDERED.

Signed on August 13, 2020, at Houston, Texas.

_____
Hon. Charles Eskridge
United States District Judge